IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JANA CANTREL, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-2607 |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Jana Cantrel filed this civil suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680. (Compl., ECF No. 1.) She seeks money damages for alleged negligence, which took the form of medical malpractice and negligent transmission of information to Cantrel and third parties (*id.* ¶¶ 18, 19), and for intentional infliction of emotional distress (¶¶ 23-25) by doctors at Chase Brexton Health Services, Inc., in Baltimore, Maryland. Specifically, she was told erroneously in early January 2011 that her hepatitis C had reappeared, which meant that she would need to go through the arduous and intensive treatment required for that disease. (*Id.* ¶¶ 7-9.) Three weeks later, she was informed by a different doctor at Chase Brexton that her blood tests had shown Cantrel did not have the disease after all. (*Id.* ¶ 12.) In the interim, the doctor who had misdiagnosed her recurrence of hepatitis C told an insurance company, to which Cantrel had submitted an application for life insurance, that she had hepatitis C and a mental or nervous disorder. (*Id.* ¶ 13.) Neither statement was true. (*Id.*) Cantrel was denied life insurance based upon the doctor's misstatements. (*Id.* ¶ 14.)

Several motions are pending before the Court: the Government's motion to dismiss (ECF No. 8), Cantrel's motion to order early mediation (ECF No. 13), and Cantrel's motion for leave to amend her complaint (ECF No. 14). Because amendment of the complaint would partially nullify the Government's motion to dismiss, Cantrel's motion for leave to amend will be first addressed.

## II. *Motion for Leave to Amend the Complaint*

### A. *Standard for Amendment of Complaint*

In the circumstances presented here, when the defendant has not filed a responsive pleading and when no deadline set in a scheduling order for filing motions for leave to amend has passed, a motion for permission to amend the complaint is governed by Rule 15(a), which directs the Court to "freely give leave when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

### B. *Analysis*

Since the Government does not claim it would be prejudiced by granting leave to Cantrel to amend and does not claim that amendment would be futile, the Court evaluates this matter to determine whether Cantrel's proposed amendment is in bad faith. The essence of the Government's argument is that Cantrel failed to satisfy the requirements of Maryland's statutory law on the filing of claims against health care providers insofar as Cantrel's original complaint sought $300,000. That amount of money requires exhaustion of an administrative claims procedure before filing suit, and Cantrel did not exhaust her claim. Because Cantrel seeks to amend her complaint to claim damages of $30,000—less than the amount triggering that administrative claims procedure—the Government contends her amendment is in bad faith.

2

(Def.'s Opp. 4-6, ECF No. 16.)  The Court finds no merit in the Government's argument.  The clear purpose of Cantrel's proposed amendment is to have a viable claim against the Government.  She can have that with a maximum damages demand of $30,000.  Revising the complaint has the effect of substituting a viable claim for a nonviable claim.  No bad faith can be found.  Cantrel's motion will be granted.

### III.  Motion to Dismiss

#### A.  Standard for Dismissal under Rule 12(b)(6)

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, that principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

#### B.  Analysis

The Government has sought dismissal under both Rule 12(b)(1) and 12(b)(6).  It asserts the Court should dismiss Count One, premised upon negligence, for failure to state a claim since Cantrel did not administratively exhaust her claim for $300,000, which exceeds the Maryland

statutory threshold for filing suit on an unexhausted claim. Because the Court is permitting Cantrel to amend her complaint to reduce the demand for damages to $30,000, this portion of the Government's motion to dismiss is moot. As for the rest of this motion, although it is also technically mooted by the filing of the superseding pleading, the Court will address it now since the argument remains valid as to the IIED claim, which is unaltered by the amended complaint.

The second part of the Government's motion asserts that the Court lacks subject-matter jurisdiction over Count Two, which makes a claim for intentional infliction of emotional distress ("IIED"). The Government argues that the United States has not waived its sovereign immunity for this tort. Specifically, the Government contends that IIED, being an intentional tort, is included within the exceptions to waiver of sovereign immunity contained in 28 U.S.C. § 2680(h). The Government is wrong to the extent it argues that *all* claims of IIED are barred by § 2680(h).

The wording of the statute is clear that only the intentional torts specified in § 2680(h) are excepted from the waiver of sovereign immunity. *See Sheridan v. United States*, 487 U.S. 392, 398 (1988) ("[A]mong other limitations, the Act also provides that this broad grant of jurisdiction 'shall not apply to . . . [a]ny claim arising out of assault, battery' or other *specified* intentional torts." (emphasis added)). The torts specified in § 2680(h) are assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.[1] Clearly, intentional infliction of emotional distress is not specified in § 2680(h). *Baird v. Haith*, 724 F. Supp. 367, 376 (D. Md. 1988). The approach of the Fourth Circuit is to look behind the label placed by a plaintiff on a cause of action to ascertain its true nature in order to determine if it is barred by § 2680(h).

---

[1] An exception to the exception in § 2680(h) waives sovereign immunity for assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution committed by federal investigative or law enforcement officers on or after the date of March 16, 1974. That circumstance does not exist in this lawsuit.

4

Thus, in *Andrews v. United States*, 732 F.2d 366 (4th Cir. 1984), the Court determined that the plaintiffs' claims for mental distress did not arise out of assault and battery, as the Government had contended, but out of medical malpractice and were, consequently, included in the FTCA's waiver of sovereign immunity. *Id.* at 371. Similarly, the Court employed this form of analysis to look behind a claim of IIED in *Harms v. United States*, 972 F.2d 339 (4th Cir. 1992) (unpublished) (per curiam), and determined that claim was actually based upon conduct constituting libel or slander and, therefore, barred by § 2680(h). *Id.* at *5 (adopting Eleventh Circuit's methodology for analyzing IIED claim).[2]

In the instant case, Cantrel claims the doctors at Chase Brexton intentionally inflicted emotional distress upon her when they informed her she would need treatment for recurrence of hepatitis C and when they informed the insurance company that she had hepatitis C and a mental or nervous disorder. Both of these fall within the ambit of medical malpractice. They conceivably could also fall within the scope of misrepresentation and slander, and to the extent Cantrel is pursuing her IIED claim based upon either misrepresentation or slander, it is barred by § 2680(h). But to the extent she is pursuing IIED based upon her claim of negligence, *i.e.*, breach of duty of care by her medical providers, it is not barred by § 2680(h). For that reason, the Government's motion to dismiss Count Two of the amended complaint will be denied.

## IV. Conclusion

The Court will grant Plaintiff's motion for leave to amend her complaint and will deny the Government's motion to dismiss her complaint. The Court also finds merit in Plaintiff's

---

[2] The undersigned acknowledges the cases cited by the Government— *Hampel v. United States*, 706 F. Supp. 2d 629 (D. Md. 2010); *Stoyanov v. Mabus*, Civ. No. WDQ-07-1764, 2009 WL 4884518 (D. Md. Dec. 9, 2009), *aff'd*, 385 F. App'x 297 (4th Cir. 2010) (unpublished); and *Tinch v. United States*, 189 F. Supp. 2d 313 (D. Md. 2002)—but to the extent these cases can be interpreted as supporting a blanket inclusion of IIED claims in § 2680(h)'s exception to waiver of sovereign immunity, the undersigned respectfully disagrees with any such interpretation.

motion for early mediation and will grant that motion; the case will be referred to a magistrate judge of this Court for a settlement conference.  A separate order will be entered.

DATED this 4th day of March, 2013.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge